IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

QUINN NGIENDO, )
 )
       Plaintiff, )
v. ) Case No. 13-4008-JAR-JPO
 )
SEDGWICK CLAIMS MANAGEMENT )
SERVICES, INC., et al., )
 )
       Defendants. )
_____)

## MEMORANDUM AND ORDER

On January 22, 2013, Plaintiff Quinn Ngiendo filed a pro se Complaint against Sedgwick Claims Management Services, Inc. ("Sedgwick"), Target Corporation Incorporated ("Target"), Donald P. Pipino Company, Ltd. ("Pipino Company"), and Simon Property Group, Inc. ("Simon Property") alleging that she suffered injuries from a fall at a Topeka, Kansas, Target parking lot on January 19, 2011. On June 19, 2013, the Court granted Defendants' motions to dismiss but permitted Plaintiff an additional period of time to seek leave to amend. Before the Court is Plaintiff's Motion to Amend Complaint and/or Alternative (Doc. 43), attaching the Proposed Amended Complaint.[1] The motion is fully briefed and the Court is prepared to rule.[2] As explained more fully below, the Court denies Plaintiff's motion for leave to amend and dismisses this case in its entirety.

---

[1]Doc. 43-1.

[2]Plaintiff has filed "Motions to Dismiss Defendants and/or in the Alternative" (Doc. 47), and "Motions to Dismiss Defendants Donald P. Pipino and Simon Property Group, Inc. and in the Alternative," ( Doc. 50). Because these documents reply to the arguments set forth in Defendants' response memoranda, the Court construes these as reply memoranda.

1

**I.      Background**

Plaintiff's original complaint alleged that she is a resident of Minnesota and that Defendant Target is a Minnesota corporation with its principle place of business in Minnesota, making it a citizen of Minnesota for diversity purposes. The Court ruled in its Order of Dismissal that because Plaintiff and at least one defendant are citizens of the same state, the Court lacks diversity jurisdiction over the state law claims alleged in the Complaint. The Court proceeded to consider whether Plaintiff had alleged sufficient facts to support a claim under the Americans with Disabilities Act ("ADA"), sufficient to invoke federal question jurisdiction. In making this determination, the Court converted Defendants' motions to dismiss for lack of subject matter jurisdiction to motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Construing Plaintiff's Complaint liberally, the Court found that Plaintiff failed to allege several of the elements necessary to assert an ADA claim. The Court dismissed the Complaint but allowed Plaintiff leave to amend to cure the deficiencies.

Plaintiff's Proposed Amended Complaint contains new allegations in an attempt to overcome the deficiencies found in the original Complaint. First, Plaintiff adds factual and legal allegations to her claim under the ADA.[3] Second, Plaintiff adds the United States as a defendant. Finally, Plaintiff renews her claims that the Court should exercise supplemental jurisdiction over her state law claims.

**II.     Legal Standard**

Leave to amend a complaint is freely given when justice so requires.[4] A party is granted

---

[3] 42 U.S.C. § 12101 et seq.

[4] Fed. R. Civ. P. 15(a)(2).

leave to amend unless there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or futility of amendment."[5] A proposed amendment is futile if the amended complaint would be subject to dismissal.[6]

To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8]

## III. Discussion

Plaintiff suggests that leave to amend should be granted on the basis of her status as a pro se litigant, since she should not be held to the same standards as an attorney in drafting her complaint. While Plaintiff is correct that the Court must read Plaintiff's Motion to Amend and Proposed Amended Complaint liberally, and not hold Plaintiff to the same "stringent standards" as lawyers would be held, the Court will not "assume the role of advocate for the pro se litigant," nor will the reduced standards for pro se litigants "relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[9]

---

[5]*Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (citation and quotation marks omitted).

[6]*Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

[7]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[8]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[9]*Frazier v. Ortiz*, 417 Fed. App'x 768, 771–72 (10th Cir. 2011) (citation and quotation marks omitted).

Defendants ask the Court to deny leave to amend because the Court lacks subject matter jurisdiction over the proposed amendments, and thus would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(1). A court lacking jurisdiction must dismiss the case, regardless of the stage of the proceeding, when it becomes apparent that jurisdiction is lacking.[10] The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper;[11] here, "[P]laintiff bears the burden of showing why the case should not be dismissed."[12] Mere conclusory allegations of jurisdiction are not enough.[13]

This Court may have subject matter jurisdiction over a case in two primary ways: diversity jurisdiction[14] or federal question jurisdiction.[15] Diversity jurisdiction exists only when the amount-in-controversy requirement is met and the parties are completely diverse,[16] a condition not met in this case. The Court may also have subject matter jurisdiction when the United States is named as a defendant,[17] or when the court exercises supplemental jurisdiction over claims that "form part of the same case or controversy" as a claim the Court does have original jurisdiction over.[18] In the Proposed Amended Complaint, Plaintiff claims that

---

[10]*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[11]*Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 1996).

[12]*Harms v. IRS*, 146 F. Supp. 2d 1128, 1130 (D. Kan. 2001).

[13]*United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

[14]28 U.S.C. § 1332.

[15]*Id.* § 1331.

[16]*Id.* § 1332(a).

[17]*Id.* § 1346.

[18]*Id.* § 1367(a).

4

jurisdiction lies on one of the following three grounds: (1) federal question jurisdiction based on the ADA claim; (2) under 28 U.S.C. § 1346 because it names the United States as a defendant; and (3) supplemental jurisdiction over the state law claims.

### A. Plaintiff's ADA Claim

In the Proposed Amended Complaint, Plaintiff asserts a claim against Defendants under the ADA and includes new allegations that were not included in the original Complaint. Because jurisdiction is predicated on the existence of a federal question, determining whether the complaint contains a short and plain statement of the grounds for the court's jurisdiction requires an evaluation of the substantive claim.

To state an ADA claim, a plaintiff must adequately allege at least five elements: (1) the plaintiff has a disability; (2) the place that the defendant owns, leases, or operates is a place of public accommodation; (3) the plaintiff was denied full and equal enjoyment because of her disability; (4) the existing facility at the defendants' place of business presents an architectural barrier prohibited under the ADA; and (5) the removal of the barrier is readily achievable.[19]

Plaintiff's Proposed Amended Complaint alleges that: (1) Plaintiff received a "spinal injury" after falling somewhere in the vicinity of a Target store and Simon mall location,[20] (2) Plaintiff's spinal injury is a "qualifying injury" that "substantially limits one or more of her major life activities,"[21] and (3) that she is unable to now access this Target location via

---

[19] *Hand v. Walnut Valley Sailing Club*, No. 6:10-cv-01296-SAC-KGS, 2010 WL 5391520, at *3 (D. Kan. Dec. 21, 2010).

[20] Doc. 43-1 ¶ 15.

[21] Doc. 43-1 ¶ 7.

5

wheelchair due to "construction barriers."[22]  Even construed liberally under the pro se litigant standards, Plaintiff fails to plead all the requisite elements of an ADA claim in order to withstand dismissal.

The ADA defines disability as "a physical or mental impairment that substantially limits one or more major life activities of such individual."[23]  To state an ADA claim, a plaintiff must have an ADA-recognized impairment, identify one or more major life activities the plaintiff would engage in if it were not for the impairment, and show how the impairment substantially limits one or more of these activities.[24]

Even affording Plaintiff relaxed standards for pleading as a pro se litigant, Plaintiff's Proposed Amended Complaint does not correct the deficiencies noted in her original Complaint to the point that this Proposed Amended Complaint would survive dismissal.  Plaintiff asserts she has a physical impairment in the form of a spinal injury.  However, Plaintiff makes only conclusory statements beyond this, and does not assert facts sufficient to allow the Court to determine if the rest of the disability requirements could be met according to ADA standards.  Without a sufficiently pled disability, Plaintiff's claims regarding ADA violations cannot withstand dismissal.

Similarly, Plaintiff's Proposed Amended Complaint lacks sufficient factual averments that would establish element five of an ADA claim.  Instead, Plaintiff makes the conclusory statement that "removal [of the barriers] is readily achievable."  Such a conclusory statement is

---

[22] Doc. 43-1 ¶ 15.

[23] 42 U.S.C. § 12102.

[24] *Poindexter v. Atchison, Topeka & Santa Fe Ry. Co.*, 168 F.3d 1228, 1230 (10th Cir. 1999).

insufficient to establish this fifth element of Plaintiff's ADA claim. Because the proposed ADA claim cannot withstand dismissal, granting Plaintiff leave to amend would be futile.

B.     **The United States as Defendant**

Plaintiff alleges that the United States Attorney General has an affirmative duty to enforce the ADA, and that the United States failed in that duty because otherwise Plaintiff would never have been injured in front of the Target store. Plaintiff also cites to 28 U.S.C. § 1343.

In order to bring suit against the United States for a private actor's alleged violation of the ADA, the United States must have clearly waived its right of sovereign immunity to the Act by explicitly stating so within the Act.[25] The ADA contains no such waiver, and so the United States cannot be added as Defendant in this case based upon a private actor's alleged violation of the ADA.[26]

28 U.S.C. § 1343(a)(4) gives a court original jurisdiction over matters arising under an Act of Congress and involving the deprivation of a citizen's civil rights. Since Plaintiff does not reference any other Acts of Congress outside of the ADA in the Proposed Amended Complaint, the ADA would be the only Act that Plaintiff could allege imputed Section 1343(a)(4). Because Plaintiff was unable to sufficiently plead a claim under the ADA, she failed to allege federal question jurisdiction, rendering the section 1343(a)(4) allegation moot.

Section 1343(a)(3) grants a court original jurisdiction over claims that a citizen's civil rights have been deprived "under color of any State law." Here, Plaintiff alleges a common law

---

[25] *See United States v. King*, 395 U.S. 1, 4 (1969); *United States v. Sherwood*, 312 U.S. 584, 586-89 (1941).

[26] *See County of St. Louis v. Thomas*, 967 F. Supp. 370, 376 (D. Minn. 1997) (finding that "the ADA does not contain an explicit, unequivocal waiver of sovereign immunity, and because 'such a waiver cannot be implied' [the plaintiffs'] ADA claim must be dismissed").

negligence claim, but this does not involve State actors or civil rights claims. Without these elements, 28 U.S.C. § 1343 does not apply.[27]

Plaintiff cannot add the United States as Defendant under either of Plaintiff's theories that the United States violated the ADA, or under 28 U.S.C. § 1343. This proposed amendment is therefore futile.

### C. Supplemental Jurisdiction

Plaintiff's remaining claim in the Proposed Amended Complaint is brought under Kansas state tort law for negligence. She asks the Court to exercise supplemental jurisdiction over this claim. Under 28 U.S.C. § 1367(c), the Court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction."[28] The Court considers "the nature and extent of pretrial proceedings, judicial economy, convenience, and [whether] fairness would be served by retaining jurisdiction."[29] "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."[30] "Notions of comity and federalism

---

[27] *See Robles v. State Farm Ins.*, 509 Fed. App'x 748, 751 (10th Cir. 2013) (noting that 28 U.S.C. § 1343 "is limited to cases involving state action, which means deprivation of right by a state officer under the authority or pretended authority of state law" and holding that a private actor's violation of a state law did not implicate section 1343 nor grant the district court subject-matter jurisdiction over pro se litigant's complaint).

[28] 28 U.S.C. § 1367(c)(3); *see Estate of Harshman v. Jackson Hole Mountain Resort*, 379 F.3d 1161, 1164 (10th Cir. 2004) ("Seeking to vindicate values of economy, convenience, fairness, and comity underlying the judicially-created doctrine of pendent jurisdiction, Congress granted statutory authority to district courts to hear claims that form 'part of the same case or controversy' as the claims on which original federal jurisdiction is based.").

[29] *Anglemyer v. Hamilton Cnty. Hosp.*, 58 F.3d 533, 541 (10th Cir.1995) (quoting *Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990)).

[30] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).

demand that a state court try its own lawsuits, absent compelling reasons to the contrary."[31] Because the proposed amendments would not establish original jurisdiction in this case, and are therefore futile, the Court would not exercise supplemental jurisdiction over any remaining state law claim.

Because Plaintiff's Proposed Amended Complaint would not correct the deficiencies in Plaintiff's Original Complaint such that it could withstand dismissal under Fed. R. Civ. P. 12(b)(1) or 12(b)(6), amending Plaintiff's Complaint as proposed would be futile and the motion must be denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Ngiendo Plaintiff's Motion to Amend Complaint (Doc. 43) is **DENIED**.

Dated: September 20, 2013

                                             S/ Julie A. Robinson

                                             JULIE A. ROBINSON

                                             UNITED STATES DISTRICT JUDGE

---

[31] *Thatcher Enters.*, 902 F.2d at 1478.