# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| QUINN NGIENDO, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 13-4008-JAR-JPO |
| SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On January 22, 2013, Plaintiff Quinn Ngiendo filed a pro se Complaint against Sedgwick Claims Management Services, Inc. ("Sedgwick"), Target Corporation Incorporated ("Target"), Donald P. Pipino Company, Ltd. ("Pipino Company"), and Simon Property Group, Inc. ("Simon Property") alleging that she suffered injuries from a fall at a Topeka, Kansas, Target parking lot on January 19, 2011. On September 20, 2013, the Court issued an Order (Doc. 51) denying Plaintiff's Motion to Amend (Doc. 43), after previously dismissing the case with leave to amend (Doc. 41). Before the Court are Plaintiff's Omnibus Motions for Reconsideration and Leave to File Second Proposed Amended Complaint (Doc. 52), attaching another Proposed Amended Complaint,[1] Plaintiff's Motion to Dismiss Defendants Target Corporation and Sedgwick Claims Management Services, Inc., and/or in the Alternative (Doc. 55), Plaintiff's Motion to Adjudicate Against Defendant's Simon Property Group, Inc. and Donald P. Pipino LTD, Company and/or in the Alternative (Doc. 57), and Plaintiff's Motion to Dismiss & Strike Defendant Simon Property

---

[1]Doc. 52-3

Group, Inc. and Donald Pipino Co. LTD and or/in the Alternative (Doc. 61).[2] With the exception of the Motion to Dismiss & Strike Defendant Simon Property Group, Inc. and Donald Pipino Co. LTD And Or/In the Alternative (Doc. 61), the other motions before the Court are fully briefed. As explained more fully below, the Court denies Plaintiff's motions for leave to amend and three motions to strike and dismisses this case in its entirety.

**I.     Background**

Plaintiff's original Complaint alleged that she is a resident of Minnesota and that Defendant Target is a Minnesota corporation with its principle place of business in Minnesota, making it a citizen of Minnesota for diversity purposes. The Court ruled in its June 19, 2013 Order of Dismissal that because Plaintiff and at least one defendant are citizens of the same state, the Court lacks diversity jurisdiction over the state law claims alleged in the Complaint. The Court proceeded to consider whether Plaintiff had alleged facts to support a claim under the Americans with Disabilities Act ("ADA"), sufficient to invoke federal question jurisdiction. In making this determination, the Court converted Defendants' motions to dismiss for lack of subject matter jurisdiction to motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Construing Plaintiff's Complaint liberally, the Court found that Plaintiff failed to allege several of the elements necessary to assert an ADA claim. The Court dismissed the Complaint but allowed Plaintiff leave to amend to cure the deficiencies. Plaintiff then filed a motion to amend her Complaint.[3] On September 20, 2013, the Court entered its Order,[4] denying

---

[2]Construing liberally, as it must, Plaintiff's Motion to Dismiss Defendants Target Corporation and Sedgwick Claims Management Services, Inc. And/Or in the Alternative (Doc. 55) and Plaintiff's Motion to Adjudicate Against Defendant's Simon Property Group, Inc. and Donald D. Pipino LTD, Company And/Or in the Alternative (Doc. 57), the Court finds that these motions should be treated as motions to strike.

[3]Doc. 43.

[4]Doc. 51.

Plaintiff's Motion to Amend Complaint on the ground that federal question jurisdiction was not present.

Plaintiff no longer invokes federal question jurisdiction but again attempts to invoke diversity jurisdiction. Plaintiff's Second Proposed Amended Complaint adds new allegations about Plaintiff's current place of residence in an attempt to overcome the deficiencies found in the original Complaint.[5] Plaintiff changes her place of residence from Minneapolis, Minnesota to Lawrence, Kansas. Plaintiff attaches an affidavit to the Second Proposed Amended Complaint, in which she states that she only temporarily resided in Minnesota to resolve another legal matter. Plaintiff has not alleged any new allegations that could give rise to federal question jurisdiction.

Subsequent to filing her motion for reconsideration, Plaintiff filed three motions to strike Defendants' responses in opposition to her motion for reconsideration.

## II. Motion for Reconsideration

Plaintiff moves for reconsideration pursuant to D. Kan. Rule 7.3. Under that rule, a party must file the motion under either Fed. R. Civ. P. 59(e) or 60. A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[6] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been

---

[5]Doc. 1.

[6]*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

3

raised earlier.[7]

Plaintiff cites no change in the controlling law. Nor is the second ground for relief available. The purportedly new factual allegations related to Plaintiff's state of residency were available at the time the original Complaint was filed and preceded the Court's ruling on the motion to dismiss. Plaintiff's motion is entirely based on her contention that the Second Proposed Amended Complaint suffices to cure the deficiencies identified by the Court in its September 20, 2013 Order. Plaintiff also argues that reconsideration should be granted on the basis of her status as a pro se litigant, since she should not be held to the same standards as an attorney in drafting her complaint. While Plaintiff is correct that the Court must read Plaintiff's Motion for Reconsideration and Second Proposed Amended Complaint liberally, and not hold Plaintiff to the same "stringent standards" as lawyers would be held, the Court will not "assume the role of advocate for the pro se litigant," nor will the reduced standards for pro se litigants "relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[8] Moreover, status as a pro se litigant alone is not a basis for reconsideration. Accordingly, relief under either Rule 59(e) or Rule 60 is denied and the Court proceeds to consider the motion to amend.

## III. Motion to Amend

Leave to amend a complaint is freely given when justice so requires.[9] A party is granted leave to amend unless there is "a showing of undue delay, undue prejudice to the opposing party,

---

[7]*Servants*, 204 F.3d at 1012; *Brown v. Presb. Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

[8]*Frazier v. Ortiz*, 417 F. App'x 768, 771–72 (10th Cir. 2011) (citation and quotation marks omitted).

[9]Fed. R. Civ. P. 15(a)(2).

4

bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or futility of amendment."[10] A proposed amendment is futile if the amended complaint would be subject to dismissal.[11]

To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[12] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13]

Defendants ask the Court to deny leave to amend for lack of diversity jurisdiction over the proposed amendments, and thus failure to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(1). The Court incorporates the standard for diversity jurisdiction from its September 20, 2013 Order. Plaintiff's attempts to disavow her prior declarations of residency in Minnesota are futile. In the affidavit that she attached to the Second Amended Complaint, Plaintiff still admits that she briefly lived in Minnesota during the events giving rise to the facts alleged in her original Complaint. "Federal jurisdiction is determined based on the facts as they existed at the time the complaint was filed."[14] The duration of time that Plaintiff lived in Minnesota is irrelevant because Plaintiff declared residence in Minnesota at the time the events giving rise to

---

[10] *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (citation and quotation marks omitted).

[11] *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

[12] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[14] *Ravenswood Inv. Co., L.P. v. Avalon Correctional Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011) (internal citations omitted).

this action occurred. Plaintiff has not alleged new facts regarding her residency that would create diversity. Because Plaintiff and at least one Defendant are citizens of the same state, the Court lacks diversity jurisdiction over this case.

Prior to filing the instant motion, Plaintiff was given leave to amend and was unable to cure the deficiencies in the Complaint. Plaintiff's instant motion for leave to amend must also be denied. And the Court's June 19, 2013 order granting Defendants' motion to dismiss stands. This case is dismissed in its entirety with prejudice on the federal claims and without prejudice on the state law claims.

**IV.    Motions to Strike Defenses**

Under Fed. R. Civ. P. 12(f), the Court may strike an insufficient defense from a pleading, or "any redundant, immaterial, impertinent, or scandalous matter." However, motions to strike are generally disfavored because striking an entire pleading is a drastic remedy and such a motion is often brought as a dilatory tactic.[15] "The Court will usually deny a motion to strike unless the allegations have no possible relation to the controversy and are likely to cause prejudice to one of the parties."[16]

Plaintiff's First Motion to Strike[17] argues that Defendants Target and Sedgwick's responses to her motion for reconsideration should be stricken but provides no factual basis to support a redundant, immaterial, impertinent, or scandalous finding under Fed. R. Civ. P. 12(f).

---

[15]*See A.H. ex rel. Hohe v. Knowledge Learning Corp.*, No. 09-2517-DJW, 2011 WL 1766067, at *1 (D. Kan. May 9, 2011).

[16]*Sellers v. Butler*, No. 02-3055-DJW, 2006 WL 2873470, at *1 (D. Kan. Oct. 5, 2006) (footnote and citations omitted).

[17]Doc. 55.

Instead, Plaintiff rehashes several arguments on personal jurisdiction made in her motion for reconsideration and requests sanctions against Defendant's under Fed. R. Civ. P. 11. Plaintiff's Second Motion to Strike,[18] argues that Defendant's responses to Plaintiff's original motion for reconsideration should be stricken for failure to respond within twenty-one days pursuant to D. Kan. Local Rule 6.1(d)(2). However, Rule 6.1 does not provide for defaults on a motions for reconsideration. To the extent that Defendants were subject to a twenty-one day deadline to respond, Defendants' responses were timely. In her third motion to strike,[19] Plaintiff alleges that Defendants Simon Property and Pipino Company's responses should be stricken for failure to properly serve her. Defense counsel for Simon Property and Pipino Company attached a certificate of service to the response, indicating that the response was sent via U.S. Mail to Plaintiff's known addresses in Minnesota and Kansas at the time of filing. Defense counsel also emailed Plaintiff to explain that he was willing to allow Plaintiff to respond out of time without opposition.[20] The Court finds that service was sufficient and that defense counsel made exceptional efforts to ensure that Plaintiff received the response. In the three motions to strike, Plaintiff has not alleged any facts to support a finding that Defendants' responses are redundant, immaterial, impertinent, or scandalous pursuant to Fed. R. Civ. P. 11. Accordingly, the Court denies Plaintiff's three motions to strike defenses.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Omnibus Motions for Reconsideration and Leave to File Second Proposed Amended Complaint (Doc. 52),

---

[18]Doc. 57.

[19]Doc. 61.

[20]*See* Doc. 61-2.

Plaintff's Motion to Dismiss Defendants Target Corporation and Sedgwick Claims Management Services, Inc., and/or in the Alternative (Doc. 55), Plaintiff's Motion to Adjudicate Against Defendant's Simon Property Group, Inc. and Donald P. Pipino LTD, Company and/or in the Alternative (Doc. 57), and Plaintiff's Motion to Dismiss & Strike Defendant Simon Property Group, Inc. and Donald Pipino Co. LTD and or/in the Alternative (Doc. 61) are **DENIED**.

**IT IS THEREFORE ORDERED BY THE COURT** that this case is hereby dismissed in its entirety with each party to bear its own costs. A copy of this order shall be sent by U.S. mail to Plaintiff's address at Lawrence Community Center, 3655 E. 25th St., Lawrence, KS 66046.

Dated: January 29, 2014

S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE