# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| QUINN NGIENDO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 13-4008-JAR |
| | ) |
| SEDGWICK CLAIMS MANAGEMENT | ) |
| SERVICES, INC., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Quinn Ngiendo's Motion to Recuse Hon. Julie Robinson and to Set Aside Judgment (Doc. 68). The motion is fully briefed and the Court is prepared to rule.[1] For the reasons set forth below, Plaintiff's motion to recuse and to set aside judgment is denied.

## I.    Motion to Recuse

The Court will first address Plaintiff's request for recusal. Plaintiff alleges that the undersigned was assigned to this case and "has rendered three decisions and orders in the case that plaintiff now harbor doubts about the judge's impartiality on those three opinions."[2]

There are two statutes governing judicial recusal, 28 U.S.C. §§ 144 and 455.[3] For recusal

---

[1]Plaintiff filed Plaintiff's Motion to Dismiss Defendants Target & Sedgwick Claims Management Services, Inc. (Doc. 71). Because this document replies to the arguments set forth in Defendants' response memorandum, the Court construes the document as a reply memorandum.

[2]Doc. 68 at 2.

[3]*Burleson v. Sprint PCS Group*, 123 F. App'x 957, 959 (10th Cir. 2005).

under § 144, the moving party must submit an affidavit showing bias and prejudice.[4]  The bias and prejudice must be personal, extrajudicial, and identified by "facts of time, place, persons, occasions, and circumstances."[5]  These facts will be accepted as true, but they must be more than conclusions, rumors, beliefs, and opinions.[6]  Although Plaintiff has submitted an affidavit, she fails to allege any personal or extrajudicial prejudice or bias.[7]  Plaintiff attests that after reviewing the decisions entered in her case, she is "doubtful" as to the undersigned's case handling, "believing it is with bias, prejudices and favoritism of opponents-defendants, mainly as unrepresented person filing without a lawyer's assistance."[8]  The remainder of her affidavit refers to the handling of her case, without any suggestion of personal or extrajudicial bias or prejudice.  She mentions that she has "come across" other incidents with other litigants who filed complaints also harboring similar doubts of their cases being handled with impartiality and/or prejudice.  Plaintiff's affidavit complains about the handling or her case, which is not "personal or extrajudicial," and she refers to "other litigants" and "incidents" without identifying "facts of time, place, person, occasions, and circumstances."  Without an affidavit showing bias or prejudice and proper identification of events indicating a personal and extrajudicial bias, Plaintiff does not support a request for recusal under 28 U.S.C. § 144.

Under 28 U.S.C. § 455(a) and (b)(1) a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or if "he has a personal bias or

---

[4]*Id*. (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)).

[5]*Id*. at 960 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)).

[6]*Id*.

[7]*See* Doc. 68–1.

[8]Doc. 68–1 at 1.

prejudice concerning a party."[9]  Section (b)(1) is subjective and contains the "extrajudicial

source" limitation.[10]  Recusal may be appropriate "when a judge's decisions, opinions, or

remarks stem from an extrajudicial source—a source outside the judicial proceedings."[11]

Recusal is also necessary when a judge's actions or comments "reveal such a high degree of

favoritism or antagonism as to make fair judgment impossible."[12]

       Section 455(a) has a broader reach than subsection (b) and the standard is not subjective,

but rather objective.[13]  The factual allegations need not be taken as true, and the test is "whether

a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's

impartiality."[14]  A judge has a "'continuing duty to ask himself what a reasonable person,

knowing all of the relevant facts, would think about his impartiality.'"[15]  "The goal of

section 455(a) is to avoid even the appearance of partiality."[16]

       The initial inquiry—whether a reasonable factual basis exists for questioning the judge's

impartiality—is limited to outward manifestations and the reasonable inferences to be drawn

---

[9]28 U.S.C. § 455(a) and (b)(1).

[10]*See Liteky v. United States*, 510 U.S. 540 (1994).

[11]*United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citing *Liteky*, 510 U.S. at 554–55).

[12]*Id.* (quoting *Liteky*, 510 U.S. at 555).

[13]*See Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n. 7 (1988) and *Liteky*, 510 U.S. at 548).

[14]*Id.* at 350–51(quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)); *Burleson*, 123 F. App'x at 960.

[15]*United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994) (quoting *United States v. Hines*, 696 F.2d 722, 728 (10th Cir. 1982)).

[16]*Liljeberg*, 486 U.S. at 860.

from those manifestations.[17]  "[T]he judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue."[18]  "The trial judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias."[19]

The Tenth Circuit has cautioned that "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."[20]  A judge has "as much obligation . . . not to recuse when there is no occasion for him to do so as there is for him to do so when there is."[21]  Judges have a duty to sit when there is no legitimate reason to recuse.[22]  Courts must exercise caution in considering motions for recusal in order to discourage their use for judge shopping or delay.[23]

The Supreme Court has explained that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[24]  When no extrajudicial source is relied upon as a ground for recusal, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a

---

[17]*Nichols*, 71 F.3d at 351 (citing *Cooley*, 1 F.3d at 993).

[18]*Id.* (quoting *Cooley*, 1 F.3d at 993).

[19]*Bryce v. Episcopal Church of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citing *Nichols*, 71 F.3d at 350).

[20]*Cooley*, 1 F.3d at 993 (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir. 1986)).

[21]*David v. City & Cnty. of Denver*, 101 F.3d 1344, 1351 (10th Cir. 1996) (quotation omitted); *Greenspan*, 26 F.3d at 1005 (citation omitted).

[22]*Bryce*, 289 F.3d at 659; *Nichols*, 71 F.3d at 351.

[23]*Nichols*, 71 F.3d at 351 (noting that § 455(a) is not "intended to bestow veto power over judges or to be used as a judge shopping device"); *Cooley*, 1 F.3d at 993 (noting that Congress was concerned that § 455(a) might be abused as a judge-shopping device).

[24]*Liteky*, 510 U.S. at 555.

basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."[25]

Plaintiff points to standard language used by the Court's docketing system and the use of citations to valid case law in prior rulings as support for her argument that recusal is warranted.[26] The Court finds that no reasonable person would believe that the undersigned's previous rulings (Docs. 41, 51 and 64), implicate the level of "deep-seated favoritism or antagonism" that would make recusal proper.  Knowing all of the relevant facts, no reasonable person could harbor doubts about the undersigned's impartiality.  Because the undersigned has a duty to sit and hear this case where there is no legitimate reason for recusal, Plaintiff's request for recusal is denied and the Court will consider Plaintiff's motion to set aside the judgment in this case.

## II.    Motion to Set Aside Judgment

Local Rule 7.3(a) provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60."[27]  A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to

---

[25]*Id.*

[26]Plaintiff characterizes the standard "WARNING: case closed" language used by the Court as evidence of threatening warnings and scare tactics. (Doc. 68 at 8).  Plaintiff also uses the Court's citation to *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) as evidence of an abuse of discretion because they are "the very citations meant to completely shut off a litigant on allegations of not stating a claim upon which relief may be granted."  Doc. 68 at 11.

[27]D. Kan. Rule 7.3(a).

correct clear error or prevent manifest injustice.[28]  Such a motion does not permit a losing party

to rehash arguments previously addressed or to present new legal theories or facts that could

have been raised earlier.[29]  Rule 60(b) provides that the Court may relieve a party from a final

judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence,
> could not have been discovered in time to move for a new trial
> under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic),
> misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is
> based on an earlier judgment that has been reversed or vacated; or
> applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.[30]

Plaintiff argues that all of the Court's rulings in this case "be set aside and voided when

Plaintiff seeks recusal of the Judge who made those decisions."  To the extent that Plaintiff is

arguing that the prior rulings should be set aside based the undersigned's recusal, the Court has

denied her request for recusal and therefore such request is not a valid basis to set aside the prior

rulings.

Plaintiff presents no valid legal argument to warrant relief from the Court's orders.

Plaintiff's motion suggests that the Court erred in failing to conduct discovery to determine

which named Defendant was responsible for her injuries, thereby possibly allowing Plaintiff to

---

[28]*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

[29]*Servants*, 204 F.3d at 1012; *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

[30]Fed. R. Civ. P. 60(b).

drop a Defendant and cure the defect in her diversity jurisdiction.  Plaintiff attempts to rehash

her argument that she did not move back to Kansas to create diversity jurisdiction, alleging that

the Court should consider things attaching her to the area.  This Court's prior Memorandum and

Order held that:

> Plaintiff's attempts to disavow her prior declarations of residency
> in Minnesota are futile.  In the affidavit that she attached to the
> Second Amended Complaint, Plaintiff still admits that she briefly
> lived in Minnesota during the events giving rise to the facts alleged
> in her original Complaint.  "Federal jurisdiction is determined
> based on the facts as they existed at the time the complaint was
> filed."[31]

Plaintiff has not shown grounds for relief under Rule 59(e) or Rule 60.  Accordingly, Plaintiff's

motion is denied.

   **IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Quinn Ngiendo's

Motion to Recuse Hon. Julie Robinson and to Set Aside Judgment (Doc. 68) is **DENIED**.

   **IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's Motion to Dismiss

Defendants Target & Sedgwick Claims Management Services, Inc. (Doc. 71) is **MOOT** and

therefore **DENIED**.[32]

   **IT IS SO ORDERED.**

Dated: May 25, 2015

                                          S/ Julie A. Robinson
                                         JULIE A. ROBINSON
                                         UNITED STATES DISTRICT JUDGE

---

[31]Doc. 64 at 5 (quoting *Ravenswood Inv. Co., L.P. v. Avalon Correctional Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011) (internal citations omitted)).

[32]As noted earlier, this pleading is a reply to Doc. 68, rather than a motion to dismiss.